**FILED**
**Feb 17, 2022**
**09:21 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Charles Lawson, | ) | Docket No.: 2021-01-0213 |
| Employee, | ) | |
| v. | ) | |
| Amazon.com Services, LLC, | ) | State File No.: 56752-2020 |
| Employer, | ) | |
| And | ) | |
| American Zurich Insurance Company, | ) | Judge Thomas Wyatt |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER GRANTING BENEFITS

At an Expedited Hearing on February 15, 2022, Charles Lawson sought medical and temporary disability benefits for a back injury. Amazon denied his claim after the authorized physician concluded that his injury was not work-related. Mr. Lawson submitted a competing causation opinion in support of his claim for benefits. For the reasons below, the Court awards Mr. Lawson the requested benefits.

## History of Claim

Mr. Lawson injured his back at Amazon on August 31, 2020, after working as a picker for more than ten months. His work included walking eight to twelve miles per day and frequently lifting items weighing up to twenty-nine pounds. Amazon's Wage Statement documented an average weekly wage of $493.08 during the forty-three weeks before the injury.

Mr. Lawson testified that he felt "great" on the morning of the injury and completed Amazon's stretching program, including bending and touching the floor with his hands, before he began work. He testified that he felt a pinch in his left hip while twisting and lifting a case containing sixteen or twenty bottles of Gatorade from a pallet to a tote bag. He experienced severe pain in his low back and left leg when he lifted the case again to inspect it for damage. He reported his injury that day.

1

Amazon management completed two forms on the date of injury. The First Report of Injury noted that Mr. Lawson stated the injury occurred "while moving a gatorade product to put in a tote[.]" In addition, Amazon management representative Ken Fry completed an Initial Complaint Form documenting Mr. Lawson's report of back and leg pain while lifting a package containing several bottles of Gatorade. He also noted Mr. Lawson's history of a football injury to his back in 1992 and a work-related back injury in 2011, with back pain "once a month" since those injuries. He wrote that Mr. Lawson "has felt left leg pain ever since he started back at work last Thursday after being off for two weeks."

Amazon offered a panel, from which Mr. Lawson selected Dr. Robert Sass. Dr. Sass noted Mr. Lawson's history: "while moving an item [he] developed low back pain and leg pain." But then Dr. Sass wrote, "no specific incident occurred, no slip, trip, fall or faulty equipment. No unusual activity occurred." He added that Mr. Lawson has problems from a pinched nerve and takes duloxetine for pain.

Dr. Sass examined him, reviewed x-rays, and noted that Mr. Lawson had full range of spinal motion. He diagnosed a low-back strain. Regarding causation, he concluded, "This patient has a chronic back issue and is experiencing a flare of back pain due to that. No work injury has occurred[.] [T]he pain is not due to a work incident. Advised to follow up with PCP." Dr. Sass returned Mr. Lawson to work without restrictions.

Mr. Lawson returned to Amazon but, due to pain, left after dropping off paperwork. While driving home, his pain became so severe that he sought emergent care. The emergency room notes stated that Mr. Lawson said he hurt his back at work while lifting Gatorade. The providers mentioned Mr. Lawson's previous spinal stenosis and disc problems with no surgery or back pain since. They diagnosed degenerative spinal conditions, recommended physical therapy, and referred him to orthopedist Dr. Garrick Cason. The emergency records did not address Mr. Lawson's work status.

Mr. Lawson asked Amazon to authorize treatment under workers' compensation. It declined, so Mr. Lawson saw Dr. Cason on October 1 on his own. Dr. Cason noted that Mr. Lawson was "picking up an item [when] he immediately felt pain in lower back and down either side of his [left lower extremity[.]" On that date, Dr. Cason signed a form stating, "this patient is temporarily and totally disabled from any gainful employment at the present time[.] The patient's condition will be reevaluated at the next office visit."[1]

Amazon formally denied Mr. Lawson's claim on October 23, contending the injury was not work-related. After receiving this notice, Mr. Lawson again asked Amazon to authorize treatment, but it refused.

---

[1] The note stated the next appointment would occur in late November, but Mr. Lawson did not return until five months later.

Mr. Lawson attended physical therapy from October to December 2020. During this period, he reported back pain to his primary care provider on a couple of occasions. On December 30, his provider "[filled] out a leave extension for work."[2] Mr. Lawson underwent two spinal injections before returning to see Dr. Guy Barat, another physician in Dr. Cason's practice, on April 27, 2021. Dr. Barat reported that Mr. Lawson continued to experience back pain and numbness and had not returned to work.

After an MRI, Dr. Cason diagnosed Mr. Lawson with moderate bilateral foraminal stenosis and degenerative changes at the L4-5 and L5-S1 disc levels. Dr. Cason recommended fusion surgery, since physical therapy and injections had not improved Mr. Lawson's symptoms.[3]

Mr. Lawson asked the Court to order Amazon to authorize ongoing treatment with Dr. Cason, including the recommended surgery, and pay temporary total disability benefits. Contrary to Mr. Fry's assertion, Mr. Lawson testified that he did not have leg pain a few days before the injury. He explained he had been off work for two weeks under Amazon's COVID policy because his wife had been exposed to the virus. He testified that he relaxed the entire two weeks and felt great when he returned to work.

Mr. Lawson additionally explained the discrepancies in Dr. Sass's report. He testified that he took duloxetine for anxiety and depression not pain. He also stated that, contrary to Dr. Sass's report that his clinical exam was normal, pain prevented him from fully twisting and bending during the exam.

Mr. Lawson submitted Dr. Cason's affidavit, signed May 18, 2021, in support of his position. Amazon did not renew the objection to the affidavit that it made in its motion in limine. Dr. Cason stated that he reviewed the following documents in formulating his opinions: medical records from Nova Medical Center (Dr. Sass), Tennova Medical Center, Fast Access Healthcare, the University of Utah Hospital, and his own office, and Amazon documents including the First Report of Injury incident report, Wage Statement, and Notice of Denial. He gave the following causation opinion:

> Mr. Lawson's lumbar injuries and the aggravation of any pre-existing lumbar spine conditions, which he suffered while lifting and moving a large, packaged Gatorade box on August 31, 2020, arose primarily out of and in the course and scope of employment by [Amazon] and the employment contributed to more than fifty percent (50%) in causing Mr. Lawson's lumbar injuries and the need for medical treatment.

---

[2] Mr. Lawson testified that he has received sixty percent of his earnings while off work since the date of injury. He did not identify the source of this income.

[3] Mr. Lawson has not yet undergone the surgery.

Dr. Cason recommended fusion surgery, stating:

> [The] lifting [incident] made him severely symptomatic and resulted in the need for surgery. By all accounts, Mr. Lawson was capable of doing his normal activities and working whereas he has not since this incident occurred at Amazon. A person who is already in this shape prior to the incident at work could not have maintained the pace or work requirement of a pick job at Amazon to the point of making $21,202.13 in 43 weeks.

In support of his opinions, Dr. Cason cited Mr. Lawson's consistency in describing the mechanism of injury. He also stated that Mr. Lawson was not at maximum medical improvement and was unable to work.

Amazon relied solely on panel physician Dr. Sass's causation opinion.

### Findings of Fact and Conclusions of Law

*Injury by Accident*

To recover, Mr. Lawson must present sufficient evidence from which the Court can determine his likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021); *see also McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Specifically, Mr. Lawson must show he is likely to prevail at proving that a specific incident arising primarily out of and in the course and scope of his employment caused his injury. Tenn. Code Ann. § 50-6-102(14)(A)-(B). He must show that his employment contributed more than fifty percent in causing his injury, need for treatment, and disability. Tenn. Code Ann. § 50-6-102(14)(C). Since Mr. Lawson alleged that his work injury aggravated a pre-existing condition, he must also show he is likely to prevail at proving the aggravation arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14)(A).

Mr. Lawson introduced unrefuted evidence and testimony that he experienced back and leg symptoms while lifting an item at Amazon. The issue is whether Mr. Lawson's injury arose primarily from his employment or was the result of a pre-existing condition. The parties presented competing medical opinions supporting their respective positions. In weighing those opinions, the Court recognizes that the causation opinion of panel-selected physician Dr. Sass is presumed correct. However, his opinion is rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(14)(E).

When faced with competing expert opinions, the Court may consider, among other things, the qualifications of the experts, the circumstances of their examinations, and the

information available to them in reaching their opinions. *Lamb v. KARM Thrift Stores, LLC,* 2017 TN Wrk. Comp. App. Bd. LEXIS 212, at *7 (July 26, 2017). The analysis of the pertinent factors here leads the Court to place greater weight on Dr. Cason's opinion.

The Court finds Dr. Sass's opinion inconsistent, as he noted that Mr. Lawson experienced pain while moving an item, but he then concluded "no specific incident occurred." Because Mr. Lawson did not slip, trip, or fall, Dr. Sass found that Mr. Lawson's pain came from a flare-up of his preexisting back condition rather than a work injury. The Workers' Compensation Law does not require that an injury occur due to a slip, trip, fall, faulty equipment, or unusual activity to be work-related. Because Dr. Sass based his opinion on factors contrary to and outside the statutory definition of an injury by accident, the Court assigns his opinion little weight.

Further, Dr. Sass examined Mr. Lawson only once, hours after the injury occurred, while Dr. Cason followed him over several months. Dr. Cason formed his opinion with the benefit of CT and MRI results and the knowledge of Mr. Lawson's condition after receiving spinal injections and therapy. Dr. Sass gave his opinion without any of that information.

The Court also considered Mr. Lawson's credible testimony. Mr. Lawson testified openly and directly, and he made no effort to avoid his previous back injuries. He testified that his preexisting back condition did not prevent him from performing his physically demanding job duties, a fact confirmed by Amazon's Wage Statement. He consistently reported the mechanism of his injury to Amazon management and, later, to several providers he saw in the weeks after the injury.

Taking the above factors into account, the Court holds that, at trial, Mr. Lawson's credible testimony and Dr. Cason's opinion will likely overcome the presumption afforded to Dr. Sass's causation opinion. For that reason, the Court holds that Mr. Lawson is likely to prevail at trial in proving the aggravation of his preexisting back condition arose primarily out of and in the course and scope of his employment.

*Medical Benefits*

The Workers' Compensation Law requires an employer to furnish medical treatment made reasonably necessary by a work injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). Mr. Lawson proved he needs medical treatment for his work injury. The Court must determine which physician shall provide the treatment.

The Supreme Court held in *Dorris v. INA Ins. Co.,* 764 S.W.2d 538, 541 (Tenn. 1981), that the "employee shall do no less than to consult [the] employer before incurring expenses called for by the statute if the employee expects the employer to pay for them." Justification in seeking the employer's liability for unauthorized medical treatment depends on the circumstances. *Harris v. Kroger Co.,* 567 S.W.2d 161, 163 (Tenn. 1978). The Workers' Compensation Appeals Board has held that, while an employer has the right

5

to deny a claim, when it does so it runs the risk that it will be required to pay for unauthorized treatment if a court deems the denied claim compensable. *Hagan v. Potomac Corp.,* 2022 TN Wrk. Comp. App. Bd. LEXIS __, slip op. at 5 (Feb. 9, 2022).

Here, Mr. Lawson's panel physician found that his symptoms related to preexisting back problems rather than a work injury. Amazon used that opinion to deny further treatment. Even after Amazon filed a Notice of Denial, Mr. Lawson asked it to reconsider and provide treatment. The Court finds Amazon's actions left Mr. Lawson no choice but to seek unauthorized treatment.

The Court holds that due to Amazon's continued denial of treatment, Mr. Lawson will likely prevail at trial in showing justification for seeking unauthorized treatment with Dr. Cason. Since Dr. Cason and Mr. Lawson have forged a doctor-patient relationship, ordering a new panel would further delay treatment. The Court designates Dr. Cason as the treating physician for ongoing care.

*Temporary Disability Benefits*

Finally, the Court addresses Mr. Lawson's claim for temporary disability benefits. To recover, he must prove that, at trial, he will likely prevail in showing he is disabled from a work-related condition for a specific period of disability. *See Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978).

Mr. Lawson testified that his back pain has kept him from returning to work at Amazon. Dr. Cason concluded on October 1, 2020, that Mr. Lawson was temporarily disabled from gainful employment. In late December 2020, Mr. Lawson's primary care provider extended his leave from employment. Dr. Cason stated in his May 2021 affidavit that Mr. Lawson has not reached maximum medical improvement and is still unable to work. Mr. Lawson has not had the surgery that Dr. Cason says he needs.

Based on the above, the Court holds Mr. Lawson showed that, at trial, he will likely prevail in proving entitlement to temporary total disability benefits from October 1, 2020, until February 17, 2022, a period of seventy-two weeks. At Mr. Lawson's weekly compensation rate of $339.02, the Court orders Amazon to pay him $24,409.44 in accrued temporary total disability benefits.

Mr. Lawson may be entitled to ongoing temporary disability benefits, should Dr. Cason maintain his work restrictions during continued treatment. Without this information, the Court is unable to address ongoing temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon shall promptly schedule and authorize an appointment with Dr. Garrick Cason for reasonable, necessary, and related treatment for Mr. Lawson's back injury under Tennessee Code Annotated section 50-6-204, including but not limited to the

6

recommended surgery.

2. Amazon shall pay past due temporary total disability benefits from October 1, 2020, to February 17, 2022, totaling $24,409.44.

3. This case is set for a Status Hearing on **May 31, 2022, at 10:00 a.m. Eastern Time**. The parties must call (615) 741-3061 or toll-free at (855) 747-1721 to participate.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED February 17, 2021.**

_Thomas Wyatt_
_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Charles Lawson
2. Affidavit of Dr. Garrick Cason
3. Records of Comprehensive Spine Institute*
4. Records of Tennova Healthcare-Cleveland
5. Records of University of Utah Hospitals
6. Records of Fast Access Healthcare
7. Records of Nova Medical Center
8. Wage Statement
9. First Report of Injury
10. Notice of Denial of Claim
11. Choice of Physician form
12. Amazon Initial Complaint form

**\***The Court marked updated records from Comprehensive Spine Institute as Exhibit 3A for identification only.  The Court sustained an objection that Mr. Lawson failed to timely file these records.

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Employer Position Statement
4. Request for Expedited Hearing
5. Employee's Brief
6. Employer's Brief
7. Motion in Limine, Response, and Order
8. Notice of Appeal
9. Appeals Board Order

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on February 17, 2022.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| G. Brent Burks<br>Katie Reed<br>Employee's Attorneys | | X | brentburks@mcmahanlawfirm.com<br>katiereed@mcmahanlawfirm.com<br>laura@mcmahanlawfirm.com |
| W. Troy Hart<br>Meghan Jones<br>Employer's Attorneys | | X | wth@mijs.com<br>majones@mijs.com<br>telett@mijs.com |

_____

**Penny Shrum, Court Clerk**
Wc.courtclerk@tn.gov